UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS HALLQUIST,

        Plaintiff,

  v.                                      Case No. 22-C-82

SENATOR RON JOHNSON,

        Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

      On January 7, 2022, Plaintiff Thomas Hallquist, proceeding *pro se*, filed this action against Defendant Senator Ron Johnson in Winnebago County Circuit Court, seeking to compel Senator Johnson to "fulfill his obligations under Federal Open Records Law" by providing information to support statements the Senator or doctors appearing at a hearing he chaired had made about COVID-19 and the precautions needed to contain it. Dkt. No. 1-1 at 1–2. Senator Johnson removed the action to this Court on January 21, 2022, pursuant to 28 U.S.C. § 1442(a)(1), which allows "any officer of the United States" to remove a pending state court action to the "district court of the United States for the district and division embracing the place" where the action was filed. Shortly thereafter, on January 25, 2022, Senator Johnson moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff has failed to file a brief in opposition to Senator Johnson's motion, and therefore, the Court must resolve the motion with the record as it stands. For the following reasons, Senator Johnson's motion will be granted.

## ALLEGATIONS IN THE COMPLAINT

According to the complaint filed in state court, Plaintiff "made three open records request[s] for documents backing [S]enator Johnson's claims about Covid-19." Dkt. No. 1-1 at 2. The letters attached to Plaintiff's complaint demonstrate that he requested a variety of records related to COVID-19, including (1) all studies Senator Johnson has on the effectiveness of hydroxychloroquine; (2) all studies that Senator Johnson has on mask effectiveness; (3) all studies Senator Johnson has regarding "protecting the vulnerable," along with any protocol on how to protect the vulnerable; (4) all communications that Senator Johnson had with those that testified at a Senate hearing; (5) all documents that dispute a COVID-19 study conducted by Public Health England; (6) all documents regarding antiviral therapies that Senator Johnson asserted had been ignored; and (7) all documents regarding "changing the standard of care disallowing medical systems to mandate vaccines." *Id.* at 3–9. The complaint seeks to compel Senator Johnson to "fulfill his obligations under Federal Open Records Law," *id.* at 2, although it does not cite to a specific law. The complaint also states that "[t]his is a compliance lawsuit." *Id.*

## ANALYSIS

Senator Johnson argues that this action should be dismissed for two reasons. First, he asserts that the doctrine of derivative jurisdiction applies and that, as a result, this Court lacks jurisdiction. Dkt. No. 5 at 3. Second, he argues that, to the extent the Court construes Plaintiff's complaint as an action seeking relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, it fails to state a claim upon which relief may be granted because FOIA does not apply to an individual federal officer or employee. *Id.* at 5. The Court agrees with Senator Johnson that it lacks jurisdiction, and therefore begins with the doctrine of derivative jurisdiction. But even

if the Court had jurisdiction, Plaintiff's claim would be dismissed since FOIA does not apply to Congress or members of Congress.

When a case is removed from state court pursuant to 28 U.S.C. § 1442, the jurisdiction of the federal court upon removal "is essentially derivative of that of the state court." *Edwards v. United States Dep't. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction . . . the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."). Although Congress abrogated the doctrine with respect to the general removal statute, *see* 28 U.S.C. § 1441(f), it left the doctrine undisturbed with respect to the federal officer removal statute at issue here. 28 U.S.C. § 1442; *Ricci v. Salzman*, 976 F.3d 768, 772 (7th Cir. 2020). Therefore, if the Winnebago County Circuit Court lacked jurisdiction to hear this case, this Court did not obtain jurisdiction via removal. Senator Johnson asserts that the Winnebago County Circuit Court lacked jurisdiction for two reasons. First, he argues the complaint did not "invoke any statute waiving the sovereign immunity of Senator Johnson." Dkt. No. 5 at 3. And second, he asserts that FOIA's waiver of sovereign immunity extends only to suits filed in federal court. *Id.* at 4. The Court agrees on both points.

Sovereign immunity "shields the federal government, its agencies, and its officials from lawsuits." *Cofield v. United States*, 64 F. Supp. 3d 206, 213 (D.D.C. 2014). A number of "basic principles" are well settled in this area of the law. *Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 216 (S.D.N.Y. 2015). First, the United States, as sovereign, is "immune from suit save as it consents to be sued." *Id.* (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotations omitted)). Second, "an action

3

against an agency or federal officers in their official capacities is essentially a suit against the United States." *Id.* (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (internal quotations omitted)). "Accordingly, in the context of a private party suit against a federal agency or officer—absent a waiver of sovereign immunity—subject matter jurisdiction does not exist." *Id.*

Plaintiff's complaint does not assert that Senator Johnson, as an officer of the United States, has waived his sovereign immunity. *See id.* Without such a waiver, the Winnebago County Circuit Court did not have jurisdiction to hear this suit, and therefore, this Court did not obtain jurisdiction upon removal. *Manypenny*, 451 U.S. at 242 n.17. Even if the Court were to construe Plaintiff's complaint as one seeking relief under FOIA, the United States' waiver of sovereign immunity in such cases extends only to those suits filed in federal court. *See* 5 U.S.C. § 552(a)(4)(B); *Cofield*, 64 F. Supp. 3d at 214 ("The federal courts likewise have exclusive jurisdiction over any claim Plaintiff may be asserting under . . . FOIA."). As a result, the Winnebago County Circuit Court would not have had jurisdiction to entertain this suit under FOIA either, and this Court lacks jurisdiction to hear this case based on the doctrine of derivative jurisdiction. *Cofield*, 64 F. Supp. 3d at 214–15. Because the Winnebago County Circuit Court lacked jurisdiction to hear this case, this Court obtained no jurisdiction upon removal, and therefore, the case must be dismissed. The Seventh Circuit has held that when the "derivative jurisdiction doctrine is timely raised . . . it properly results in dismissal without prejudice." *Salzman*, 976 F.3d at 773. Accordingly, this action will be dismissed without prejudice.

Though the action is dismissed without prejudice for lack of jurisdiction, Plaintiff should be aware that his claim would likely fail in any event because FOIA, by its express terms, does not apply to Congress. *See* 5 U.S.C. § 552(f) (FOIA incorporates the Administrative Procedure Act

4

(APA) definition of "agency" that excludes "the Congress"); *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 524, 525 n.6 (2009) (plurality) (stating that APA definition of "agency" "does not apply to Congress and its agencies" because the statutory definition of "agency . . . specifically excludes 'the Congress'"); *United We Stand Am., Inc. v. IRS*, 359 F.3d 595, 597 (D.C. Cir. 2004) ("Because Congress is not an agency, congressional documents are not subject to FOIA's disclosure requirement."); *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994) ("[W]e have interpreted the . . . exemption for 'the Congress' to mean the entire legislative branch."); *Drake v. Obama*, 664 F.3d 774, 785–86 (9th Cir. 2011) (same, collecting cases). Further pursuit of this claim in federal court would thus likely result in dismissal as well.

## CONCLUSION

For the foregoing reasons, Senator Johnson's motion to dismiss (Dkt. No. 4) is **GRANTED**. This Court lacks jurisdiction under the doctrine of derivative jurisdiction. This action is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge